## Meadow Valley Abattoir v. Todd Leatherman

*Samuel Teeter*, for plaintiff.
*Richard Noll*, for defendant.

SPICER, *P.J.*, August 6, 1979—Plaintiff filed a complaint in fraudulent debtors attachment in an action of trespass on October 11, 1978. At the same time, a praecipe was filed directing that a writ of fraudulent debtors attachment issue to attach certain property in the possession of defendant. That property has been attached and a bond in double the amount claimed has been filed pursuant to Pa.R.C.P. 1287(b).

In his answer filed October 25, 1978, defendant denied allegations of fraud and those upon which the fraudulent debtors attachment was based. Thereafter, the case was set down for trial but defendant requested and obtained a continuance because he faced criminal charges arising out of the factual background of this case.

Defendant has not filed preliminary objections, nor has he filed a request under Rule 1291 to dissolve the attachment. Instead, on May 23, 1979, he filed a petition under the repealed provisions of the Uniform Declaratory Judgments Act seeking to have the rules governing fraudulent debtors attachment declared unconstitutional. The provisions of that act have been re-enacted without sub-

stantial change by the Judicial Code, 42 Pa.C.S.A. §7533 et seq., and we will overlook the technical deficiency of the petition.

Plaintiff, in responding to the petition, has asserted that the provisions of the Judicial Code subchapter are not available to defendant because the provisions of the subchapter limit its application to rights affected by "a statute, municipal ordinance, contract, or franchise." Plaintiff argues that the subchapter has no application to rules of court and that defendant's objections should have been made under Rule 1017(b). Since defendant has not filed preliminary objections, plaintiff asserts that defendant has waived any right to object to the procedure established by the fraudulent debtors attachment rules.

While plaintiff's argument is persuasive, we decide to rule on defendant's petition for two reasons. First, 42 Pa.C.S.A. §7541(a) provides that the provisions of that subchapter shall be liberally construed. Second, it is conceivable defendant may raise the constitutionality of the proceedings at any time "as not to delay the trial" under a motion to dissolve the attachment under Rule 1291(a). Therefore, to resolve the issues raised by defendant in a speedy fashion, we now rule on his objections.

Although there are no cases dealing directly with the constitutionality of fraudulent debtors attachment procedure (Pa.R.C.P. 1251 et seq.), other decisions make fairly clear the principles that must be applied. The Third Circuit Court of Appeals in Jonnet v. Dollar Sav. Bank of City of New York, 530 F. 2d 1123 (1976), in striking down procedures governing foreign attachment, established principles which were later adopted by the Pennsylvania Supreme Court in Schreiber v. Republic Inter-

modal Corp., 473 Pa. 614, 375 A. 2d 1285 (1977). The Pennsylvania Supreme Court stated that the procedures under the rules governing foreign attachment violated due process for the following reasons:

"(1) [T]here was no requirement that a plaintiff file a sworn document stating facts upon which the cause of action was predicated; (2) the seizure process was entirely ministerial with no exercise of judgment by an official competent to determine whether there were facts justifying attachment or whether a valid claim had been stated; (3) the rules provided no machinery to indemnify a defendant for damages caused by wrongful attachment; (4) there were no means for a defendant to promptly contest the attachment; and (5) there were no procedures to allow the defendant to dissolve the attachment when the defendant made provision to protect the plaintiff's interest." 473 Pa. 621.

It is obvious that rules governing fraudulent debtors attachment were drafted in an attempt to address those objections. The rules provide that a writ may only issue upon the filing of a verified complaint, a bond must be filed, defendant may dissolve the attachment by filing a bond and may move to dissolve the attachment. On analysis, it would appear that the objections numbered (3) through (5) have been met and that objection (1) has been addressed. Objection (2) remains and is applicable to these procedures since the writ issues on praecipe to the prothonotary.

This may be a very serious objection indeed. In reviewing the complaint filed in this case, we note that it contained the following allegation:

"6. Plaintiff believes and avers that Defendant is about to remove certain property belonging to Plaintiff from the jurisdiction of the Court with intent to defraud the Plaintiff."

It is obvious that this is the very type of allegation discussed in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed. 2d 751 (1975). In that case, the United States Supreme Court struck down for constitutional reasons a Georgia statute authorizing attachment proceedings. In comparing the Georgia statute with the Louisiana statute which had withstood a constitutional attack, the court pointed out that under the Louisiana statute "[t]he writ, however, was issuable only by a judge upon the filing of an affidavit going beyond mere conclusary allegations and clearly setting out the facts entitling the creditor to sequestration." In contrast, under the Georgia statute, "[t]he affidavit, like the one filed in this case, need contain only conclusary allegations. The writ is issuable, as this one was, by the court clerk, without participation by a judge. Upon service of the writ, the debtor is deprived of the use of the property in the hands of the garnishee."

If we consider only the requirements in the rules regarding the filing of a verified complaint and the issuance of the writ on praecipe to the prothonotary, it is obvious that the holding in North Georgia Finishing, Inc., supra, falls squarely upon this case. However, we find that the other safeguards built into the rules save the procedures from due process infirmities. We do this because it has been pointed out that the concept of due process as it relates to property interest is a flexible one involving a balancing of interest of the debtor and the

creditor: Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed. 2d 406 (1974). This concept has been stated to mean that there must be notice and an opportunity to be heard at a "meaningful time, in a meaningful manner," when one has been "deprived of any significant property interest." See 14 Duquesne Law Review 499 (1976), citing Armstrong v. Manzo, 380 U.S. 545 (1965). Defendant, in this case, has been deprived of a significant property interest. A writ of attachment was issued on praecipe to the prothonotary on rather conclusary allegations. However, under Rule 1291(a), he had the right to immediately move to dissolve the attachment and to test the sufficiency of the allegation upon which the writ was issued. Therefore, he had the opportunity to be heard at a "meaningful time, in a meaningful manner." He chose not to follow the procedures of the rules themselves, but to wait the better part of a year to contest the legality of the proceedings.

While we do not base our holding on this, it has been stated many times that proof of prejudice is a necessary element to make a due process claim ripe for adjudication: Com. v. Daniels, 480 Pa. 340, 390 A. 2d 172, 179 (1978). Even so, we are constrained to note that defendant still has the right to file a motion to dissolve the attachment under Rule 1291(a).

For reasons discussed in the opinion, the following order will be entered.

## ORDER

And now, August 6, 1979, the petition under the declaratory judgment provisions of 42 Pa.C.S.A. §7533 et seq. is dismissed.